UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JOANNE BLAREK,**
       **Plaintiff,**

   v.                                  Case No. 05C1018

**CREDITORS INTERCHANGE,**
       **Defendant.**

---

## DECISION AND ORDER

Plaintiff Joanne Blarek brings this putative class action alleging that Creditors Interchange ("CI"), a debt collection agency, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g(a)(2), by sending her a debt collection letter that fails to correctly identify the creditor. The letter referred to the creditor as "UAC, its Subsidiaries, or its Affiliated Securitization Trust." (Compl. ¶ 8.) Defendant filed an answer and now moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

Like a rule 12(b)(6) motion, I may grant a Rule 12(c) motion only if the plaintiff can prove no set of facts that would entitle her to relief. N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend, 163 F.3d 449, 453 (7th Cir. 1998). A plaintiff fails to state a claim only if, assuming all facts are accurate, he has no legal claim. Payton v. Rush-Presbyterian St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). In ruling on a Rule 12(c) motion, I assume that all of the plaintiff's allegations are true, and I draw all reasonable inferences in his favor. Marshall-Mosby v. Corp. Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000). Plaintiff attached the collection letter as exhibit A to the complaint, therefore I may consider it in ruling on defendant's motion. See Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004).

Section 1692g(a) identifies the information that a debt collector must provide in written form to a debtor. McMillan v. Collection Professionals Inc., ___ F.3d ___, 2006 WL 1867483 at *2 (7th Cir. July 7, 2006). The statute requires a debt collector to provide a consumer with a written "validation notice" within five days of its initial communication with the consumer that sets forth "the amount of debt, the name of the creditor, a statement that the debts validity will be assumed unless disputed by the consumer within 30 days, and an offer to verify the debt and provide the name and address of the original creditor, if the consumer so requests." Russel v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). Further, "[i]t is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." Bartlet v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997). Thus, the statute creates an "implied duty to avoid confusing the unsophisticated consumer." Id. If the information required to be provided to the consumer "is not communicated to the debtor, or if it is provided in a manner that is confusing to the consumer, § 1692g has been violated." McMillan, ___ F.3d ___, 2006 WL 1867483 at *2.

Generally speaking, a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing. See Berres v. Attention, LLC, No. 05-C-0311, slip op. at 2 (E.D. Wis., Feb. 14, 2006) (stating that "the key is whether the plaintiff proposed to show that an entity other than the one identified in the collection letter placed the debt with the defendant"); Schneider v. TSYS Total Debt Mgmt., Inc., ___ F.3d ___, 2006 WL 1982499 at *1 (E.D. Wis. July 13, 2006) (denying motion to dismiss when plaintiff alleged that defendants reference to the creditor as

2

"Target" was inadequate when the creditor was "Target National Bank"); see also Yrok Gee Au Chan v. N. Am. Collectors, Inc., ___ F.3d ___, 2006 WL 778642 *4 (N.D. Cal. Mar. 24, 2006) (denying motion to dismiss when the complaint alleged that the creditor was Unifund CCR Parties, not Citibank as stated in the collection letter); Sparkman v. Zwicker & Assoc., P.C., 374 F. Supp. 2d 293, 301 (E.D.N.Y. 2005) (granting summary judgment to plaintiff holding "a least sophisticated consumer would not deduce from reading the collection letter that the name of the creditor seeking collection is The Bureaus").

In the present case, plaintiff alleges that the collection letter in question "failed to identify the creditor," (Compl. ¶ 10), and therefore failed to comply with § 1692g(a)(2). The letter identifies the creditor by the name "UAC," which appears to be a partial name or possibly an abbreviation. The letter also refers to UAC's "subsidiaries" and its "affiliated securitization trust." Discovering the identities of these entities might be beyond the capacity of an unsophisticated consumer. Thus, plaintiff states a cognizable claim. Defendant argues that it is not liable under § 1692g(a)(2). However, at this stage of the proceedings, plaintiff need not establish liability but only that she might be able to establish it in the course of the case. By alleging that UAC, its subsidiaries, or its securitization trust is not the current creditor to whom the debt is owed, plaintiff has stated a violation of the FDCPA. See St. Denis v. New Horizon Credit, Inc., ___ F.3d ___, 2006 WL 1965779 (D. Conn. July 12, 2006); Yrok Gee Au Chan, ___ F.3d at ___, 2006 WL 778642 at *4.

Therefore,

**IT IS ORDERED** that defendant's motion for judgment on the pleadings is **DENIED**.

Dated at Milwaukee, Wisconsin this 25 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge